CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 30, 2024
LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **LAMONT FERGUSON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv00736** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LT. BLACKMON, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Lamont Ferguson, a Virginia pre-trial detainee, has filed this civil rights action under 42 U.S.C. § 1983.  His amended complaint alleges that Lt. Blackmon and M. J. Gilcrist invaded his privacy and unlawfully gathered evidence against him, resulting in his arrest in Winchester, Virginia.  He further alleges that defendant Rason, his attorney, provided "ineffective assistance of counsel—working with Commonwealth" and that defendant Occhuizzo, a Deputy Commonwealth's Attorney, maliciously prosecuted him on an unlawful charge and worked with defense counsel to have him held on a probation violation.  Upon review of this matter pursuant to 28 U.S.C. § 1915A, I find that this matter must be dismissed for the reasons that follow.

### BACKGROUND

Ferguson provides very little in the way of factual background, besides what was stated in the previous paragraph.  He provided the case numbers, however, enabling the court to gather some information from the online Virginia Courts Case Information site.  On May 26, 2023, a probation violation report was filed in the Winchester Circuit Court; this was the second violation on a prior conviction for unauthorized use of a vehicle.  Police arrested Ferguson for the violation on June 10, 2023, apparently at Room 333 of a motel where he was staying, and police canines were somewhere in the motel.  Compl. at 2, ECF No. 1.  He has remained in custody since that time.

On November 14, 2023, a grand jury in Winchester issued direct indictments against Ferguson for possession of a Schedule I or II controlled substance and manufacturing or distributing an imitation Schedule I or II controlled substance, both events having occurred on June 10, 2023. Already in custody, he was served with the indictments and arrested on the new charges the same day the indictments issued.

The new charges and the probation revocation hearing are currently set for a jury trial on January 10, 2025. Several prior court dates have been continued, and at least one attorney has withdrawn from representing him in those matters.

DISCUSSION

To state a claim under § 1983, a plaintiff must allege that a person, "acting under color of state law," has violated the plaintiff's rights under the Constitution or under some other federal law. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Some defenses are immediately apparent on the face of the complaint. Because the defenses differ between the defendants, I will address the failure of the plaintiff to state a claim as to each defendant separately.

1. **<u>The Prosecutor</u>**

Ferguson alleges that Occhuizzo, the Deputy Commonwealth's Attorney, maliciously prosecuted him by going forward with the pending charges and "worked with my defense counsel to have me held on probation violation." Am. Compl. at 2, ECF No. 9. As an initial matter, a malicious prosecution claim cannot proceed while the case is still pending in the trial court because an essential element of the claim is that the criminal proceeding ended favorably to the accused, either by acquittal, dismissal, dropped charges, or other determination favorable to the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). With the trial date not yet here, no one knows whether the case will end in Ferguson's favor.

More significantly, prosecutors have absolute immunity from liability for actions undertaken in their role as advocates for the state, including evaluating the evidence from the police, deciding whether to prosecute, seeking a grand jury indictment, and preparing for and attending court hearings and trials. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity protects a prosecutor's ability to perform his duties vigorously, without fear of being held personally liable in retaliation for performing his job. Admittedly, such immunity leaves a defendant without a remedy if he has been harmed by a dishonest or malicious prosecutor. The Court determined that the greater risk to the justice system would leave prosecutors trying to do their jobs in constant fear of defending against retaliatory suits. *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976). Occhuizzo is absolutely immune from liability for prosecuting the case against Ferguson, no matter the ultimate outcome of the case.

2. **The Defense Attorney**

Defense attorneys are private parties, not state actors within the meaning of § 1983. They are not acting under color of state law, as their ethical duties run to the client, not the state. This is true "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (citation omitted). An otherwise private party acts under color of state law, however, when conspiring with a state official to deprive another of his rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). Even if the state official is immune from liability, the conspiring private party who has thereby become a state actor does not share the immunity. *Dennis v. Sparks*, 449 U.S. 24, 31–32 (1980).

Ferguson's Amended Complaint does not allege facts sufficient to show a conspiracy. A criminal defense attorney will "work with" a prosecuting attorney on matters of procedure such as scheduling of court hearings. Here, the allegation that his attorney, Rason, worked with the

3

prosecutor is too vague to establish a meeting of the minds on a specific intent to deprive someone of federal rights. Further, Ferguson does not allege the violation of his rights as a result of his attorney "working with" the prosecutor "to hold him on probation violation." Officers arrested Ferguson on a second probation violation charge that had been filed with the court. The is no federal right that prevents arrest or detention of one alleged to be in violation of the terms of his probation. Therefore, Ferguson has failed to state facts sufficient to support a claim against Rason.

3. **The Officers**

In deciding whether a complaint states a claim for which relief may be granted, the court accepts a plaintiff's factual allegations as true. Labels and legal conclusions, however, are not facts. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). In his Amended Complaint, Ferguson alleges that Lt. Blackmon and M. J. Gilcrest "evidence gathering as well as invasion of privacy as well as practicing malfeasance." Am. Compl. at 2. Those are not facts, but conclusions. If there was something wrong with the "evidence gathering," a complaint must state specifically what Blackmon did that violated his rights and what Gilcrest did that was wrong. He must provide factual context that allows the court to determine that something improper was done if those facts can be shown. How was his privacy invaded? What did the officers do, and why was that action "malfeasance"? As it stands, the Amended Complaint is completely inadequate to give notice to the officers what they are being sued for.

Not only has Ferguson failed in his complaint against the officers to state a claim for which relief may be granted, the court would abstain from exercising jurisdiction over the matter at this juncture. Ferguson's case is still pending in the state court. The Supreme Court has long

abided by a "fundamental policy against federal interference with state criminal prosecutions."

*Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine:

> mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Applying those criteria to the present case, *Younger* clearly mandates abstention. First, there is an ongoing state judicial proceeding, brought before the federal proceeding. Second, the state has an important interest in enforcing its laws, preventing disruption of state judicial proceedings, and having the first opportunity to address and correct any alleged violations of a defendant's rights. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). Finally, Virginia state courts provide ample opportunity to raise constitutional challenges. Such challenges can be made by written motion at least seven days before trial, or even later for good cause and in the interest of justice. Va. Code § 19.2-266.2. Therefore, this court abstains from exercising jurisdiction over Ferguson's claims against the officers.

To the extent Ferguson seeks dismissal of his charges, a suit under § 1983 is not the proper approach. Habeas corpus is the exclusive remedy for a defendant challenging the fact of his conviction. *Heck*, 512 U.S. at 481. Before a federal habeas petition can be filed in federal court to challenge a conviction, the petitioner must be in custody under a final judgment of conviction. 28 U.S.C. § 2254(a). That means his trial must be over and he has been convicted. He must also exhaust his state court remedies before he can file a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). That means that he must present his federal constitutional claims to the

highest state court, on the merits, before he is entitled to seek federal relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

## CONCLUSION

Because defendant Occhuizzo has absolute immunity, I will dismiss the claim against him. The court will abstain from exercising jurisdiction over the remaining defendants, pursuant to the *Younger* doctrine, while noting that none of the claims against the remaining defendants, as currently presented, state a claim for which relief may be granted.

An appropriate order will be entered this day.

Enter:  December 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge